IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONITA HEARN HILL,                    ) | CIV F 05-1299 AWI DLB |
| )                                          | |
| Plaintiff,                    ) | ORDER ON DEFENDANTS'S |
| v.                                   ) | MOTION TO DISMISS |
| )                                          | |
| JAMES LOWE, MONICA STEVENS,  ) | |
| CATHY PEPPERS, McCLATCHY     ) | |
| NEWSPAPERS, INC. dba THE           ) | |
| FRESNO BEE, and DOES 1-10         ) | |
| )                                          | |
| Defendants.                    ) | |
| _____) | |

   Defendants filed a Rule 12(b)(6) Motion to Dismiss the Ninth and Tenth Causes of Action in Plaintiff's complaint, and in the alternative, a Rule 12(b)(1) Motion to Dismiss the Ninth Cause of Action. None of the Defendants have filed an answer in this case. On February 1, 2006, this Court signed an order vacating the hearing on Defendants's motion and taking the matter under submission in light of Plaintiff's failure to file an opposition or notice of non-opposition as required by Local Rule 78-230(c). Plaintiff, however, filed an Amended Complaint at 4:59 p.m. on February 1, 2006.

   Under Rule 15(a), "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. Pro. 15(a); Crum v. Circus Circus Enters., 231 F.3d 1129, 1130 n.3 (9th Cir. 2000). "A motion to dismiss is not a 'responsive pleading' within the meaning of Rule 15." Crum, 231 F.3d at 1130 n.3; New v. Armour Pharmaceutical Co., 67 F.3d 716, 722 (9th Cir. 1995); see also Morrison v. Mahoney, 399 F.3d 1042, 1047 (9th Cir. 2005). Thus, where a motion to dismiss is filed instead of an answer, Rule 15(a) allows a plaintiff to amend the original complaint once as a matter of course without the need of obtaining leave of court. Fed. R. Civ. Pro. 15(a); Crum, 231 F.3d at 1130 n.3. An "amended complaint supersedes the original, the latter being treated thereafter as non-existent."

Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

Here, the Defendants did not file answers, but instead filed a motion to dismiss.  As no prior amended complaints have been filed, Plaintiff was entitled to file her amended complaint as a matter of course under Rule 15(a).  The amended complaint supersedes the original complaint, and the original complaint is treated as non-existent.  Since Defendants's motion attacks Plaintiff's original and now "non-existent" complaint, Defendants's motion is now moot.

Accordingly, IT IS HEREBY ORDERED that Defendants's motion to dismiss is DENIED as moot.

IT IS SO ORDERED.

**Dated:   February 2, 2006**                             **/s/ Anthony W. Ishii**
0m8i78                                                         UNITED STATES DISTRICT JUDGE