**SAGASER, JONES & HAHESY**
2445 Capitol Street, 2nd Floor
Post Office Box 1632
Fresno, California 93717-1632
Telephone: (559) 233-4800

William C. Hahesy 105743
Melody A. Hawkins 226522

Attorneys for:  Defendants

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONITA A. HEARN HILL,<br><br>         Plaintiffs,<br><br>   v.<br><br>JAMES LOWE; MONICA STEVENS; CATHY PEPPERS; McCLATCHY NEWSPAPERS, INC., dba THE FRESNO BEE; DOES 1-10,<br><br>         Defendant. | Case No.  1: 05 CV 01299 AWI DLB<br><br>**STIPULATION FOR PROTECTIVE ORDER AND ORDER** |

       Plaintiff Bonita A. Hearn Hill and Defendants James Lowe, Monica Stevens, Cathy Peppers and McClatchy Newspapers, Inc., dba The Fresno Bee (collectively the "Stipulating Parties") hereby stipulate, by and through their respective attorneys of record, to the entry of the following Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

       1.    Any document, or portion thereof, and any other form of evidence or discovery contemplated under the Federal Rules of Civil Procedure which, in the good faith opinion of the party providing such discovery (the "Producing Party") contains any confidential information, including third party privacy documents, personnel information or proprietary information ("Confidential Information"), may be designated by the producing party as confidential.

2. The term "Litigation" used herein shall mean only the litigation pending before United States District Court for the Eastern District of California, Fresno Division, *Hill v. James Lowe, et al.*, Case No. CV-F-05-01299 AWI DLB, and any litigation to enforce any judgment thereon or appeals thereof.

3. Confidential Information may be designated as follows:

   a. Documents or copies of the same provided by a Producing Party to the other parties containing Confidential Information shall be designated by marking the page or the pages on which the Confidential Information appears with the legend: "CONFIDENTIAL."

   b. In lieu of marking each page, the producing party may, at its option, Bates-stamp the documents and identify in writing, groups of pages between which all the documents or information contain Confidential Information.

   c. In lieu of marking the original of a document that contains Confidential Information prior to inspection, counsel for the Producing Party may orally designate such documents being produced for inspection as Confidential Information thereby making them subject to this Stipulation and Order. However, copies of such documents must be marked "CONFIDENTIAL."

   d. Confidential Information disclosed at a deposition may be designated by a Producing Party as Confidential Information by: (1) clearly indicating at the deposition and on the record, as set forth below, the specific testimony containing the Confidential Information that is to be made subject to the provisions of this Stipulation and Order; and (2) clearly indicating in writing to the other parties within 40 days of the completion of the deposition.

   e. Confidential Information contained in responses to interrogatories, other discovery requests or responses, affidavits, briefs, memoranda, or other papers filed with the Court, may be designated as Confidential Information by the parties to the litigation by prominently marking each page containing Confidential Information with the legend "CONFIDENTIAL."

///

///

    f. The attorney of record shall be responsible for ensuring that any of their work product which contains Confidential Information of the Producing Party entitled to protection under this Order, including copies of production documents, notes, memoranda, and documents prepared for filing with the Court comply with this Protective Order.

   4. Confidential Information shall only be disclosed and made available to the following designated persons:

    a. The attorneys of record for each party to this action and their/its agents and firm staff, including associates, paralegals, secretaries, and support staff and the like;

    b. Contract or temporary personnel retained to perform work relative to this Litigation;

    c. Any person designated by order of the Court after notice to all parties;

    d. Independent experts or consultants retained by a party or counsel of record in connection with this Litigation ("Retained Experts or Consultants"), provided such Retained Experts or Consultants agree to be bound by this Stipulation, to use such confidential information solely for purposes of this Litigation and not to disclose any such Confidential Information to any other person, firm, or concern;

    e. Court stenographers, outside copy services, interpreters and translators whose functions require them to have access to Confidential Information; and

    f. The clients in this Litigation.

   5. All Confidential Information produced or exchange in the course of this Litigation shall be used solely for the purpose of this Litigation.  No Confidential Information shall be provided to any person or any entity other than as specifically set forth herein.  In the event any request, subpoena, or other effort is made to obtain Confidential Information by other than those persons designated herein, no such Confidential Information shall be provided absent consent of the Stipulating Parties.  Alternatively, upon an order of this Court and after

///

due notice and opportunity for all parties to be heard, the Stipulating Parties may release any such Confidential Information specified in the order.

6. Nothing in this Order shall prevent a party from using any Confidential Information at depositions, mediation, or during a hearing in this Litigation. However, the party using such information or material must request that the portion of the proceeding or the use of the material shall be made *in camera* and that the transcript of the portion of the proceeding be maintained under seal with access limited to persons entitled to access under this Order. During the course of any hearing or the trial of this Litigation, if any party believes that the information sought contains Confidential Information, he or she may so declare.

7. A party shall not be obligated to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this Litigation disagrees at any point in these proceedings with the designation by the producing party of any confirmation of Confidential Information, the party shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from the Court.

8. Nothing herein shall prevent disclosure beyond the terms of this Order if the Producing Party of Confidential Information consents in writing to such disclosure.

9. Nothing in this Stipulation and Order shall bar or otherwise restrict any attorney from rendering advice to his client with respect to this Litigation and, in the course of rendering advice, relying generally on his examination of Confidential Information produced or exchanged; provided, however, that in rendering such advice and in otherwise communicating with this client, the attorney shall not disclose the contents of any Confidential Information produced by the Stipulating Parties Access if that disclosure would be contrary to the terms of this Order.

///

///

///

1    10. Inadvertent or unintentional disclosure of Confidential Information shall not be deemed a waiver in whole or in part of the parties' claim of confidentiality. Such inadvertent or unintentional disclosure may be rectified by notifying in writing the counsel of record for all parties to whom the information was disclosed that the information is confidential and subject to this Stipulation and Order. Such notification shall constitute a designation of the information as Confidential Information.

11. This Protective Order shall not prevent any of the parties from applying to the Court for further or additional protective orders, or from agreeing among themselves to modification of this Protective Order as it relates to The Stipulating Parties' documents.

Dated: January 11, 2006            SAGASER, JONES & HAHESY


                                   By:    /s/  William C. Hahesy
                                       William C. Hahesy
                                       Attorneys for Defendants


DATED: January 11, 2006            LAW OFFICES OF KEVIN G. LITTLE


                                   By:    /s/  Kevin G. Little
                                       Kevin G. Little
                                       Attorneys for Plaintiff
                                       Bonita A. Hearn Hill


**IT IS SO ORDERED.**


DATED: February 7, 2006               /s/ Dennis L. Beck
                                   Honorable Dennis L. Beck
                                   United States Magistrate Judge

{6499/004/00182320.DOC}                5

STIPULATION FOR PROTECTIVE ORDER AND ORDER